Cioti v Byrd (2023 NY Slip Op 06234)

Cioti v Byrd

2023 NY Slip Op 06234

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2022-05868
 (Index No. 51628/20)

[*1]Danielle Cioti, etc., respondent,
v
Denise Byrd, etc., et al., defendants; Bernard Bernhardt, etc., nonparty-appellant.

Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for nonparty-appellant.
Buzin Law, P.C., Purchase, NY (Andrew S. Buzin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, nonparty Bernard Bernhardt appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated July 11, 2022. The order granted the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint to substitute nonparty Bernard Bernhardt for "John Doe, M.D." as a defendant.
ORDERED that the order is affirmed, with costs.
The plaintiff's decedent, Elizabeth Belcher, allegedly was treated for lung cancer by the defendants from April 27, 2016, through February 28, 2018. She died on April 19, 2018. On January 31, 2020, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice and wrongful death. She alleged that the defendants had failed to timely diagnose and treat the decedent's left lower lobe carcinoma, which resulted in metastasis. The plaintiff named as a defendant "'John Doe, M.D.,' (name being fictitious, unknown and illegible. Attending treating the decedent on 5/10/16 in the Department of Oncology of the Montefiore New Rochelle Hematology Oncology Clinic)." On February 17, 2022, the plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint to substitute Bernard Bernhardt (hereinafter the appellant) for "John Doe, M.D." By order dated July 11, 2022, the Supreme Court granted the plaintiff's motion, concluding that the relation-back doctrine applied.
"The relation-back doctrine allows a party to be added to an action after the expiration of the statute of limitations, and the claim is deemed timely interposed, if (1) the claim arises out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and (3) the additional party knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 35).
Here, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to amend the complaint to name the appellant as a defendant in place of "'John Doe, M.D.,' (name being fictitious, unknown and illegible. Attending treating the decedent on [*2]5/10/16 in the Department of Oncology of the Montefiore New Rochelle Hematology Oncology Clinic)" (see White v City of Mount Vernon, 38 AD3d 533).
Accordingly, we affirm the order.
DILLON, J.P., IANNACCI, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court